## Turner v. Turner.

[No. 3,767. Filed May 28, 1901.]

New Trial.—*Motion to Set Aside Summons.*—Overruling defendant's motion on his special appearance to set aside the summons and return thereof and quash the writ is not a proper ground for a new trial. *p. 678.*

Trial.—*Evidence.— Leading Questions.*—Available error cannot be predicated upon the action of the court in overruling objections to questions which were leading and called for conclusions and

opinions of witness, where the complaining party cross-examined the witness and was given an opportunity to elicit the facts, and to test the credibility of the witness.   *p. 680.*

TRIAL.—*Evidence.*—*Divorce.*—In an action for divorce in which defendant claimed the separation was due to plaintiff's mother, it was proper to prove by defendant on his cross-examination the amount of damages assessed and the result of an action brought by him against his mother-in-law for damages for causing the separation, where defendant had testified fully as to the relations between himself and his wife.   *p. 681.*

DIVORCE.—*Evidence.*—A judgment for divorce will not be reversed on the insufficiency of the evidence where it was shown that the husband at the time of the marriage was without a home and practically without any money to provide one; that the wife was living with her widowed mother on a farm; that during the six weeks in which they sustained the relation of husband and wife they lived at the home of the mother; that some trouble arose between the husband and his mother-in-law, and without just cause he left his wife, saying that he was going to bring suit for divorce, and soon afterward brought suit against his wife's mother for damages for causing the separation; that he wrote letters to his wife asking her to leave her mother and come to him, but did not offer to furnish her the means to come to him, nor to provide for her support. *pp. 681-683.*

From the Shelby Circuit Court.   *Affirmed.*

*W. A. Johnson, A. F. Wray* and *T. H. Campbell,* for appellant.

*T. B. Adams* and *Isaac Carter,* for appellee.

COMSTOCK, J.—Appeal from a judgment granting appellee a divorce. Two errors are assigned: (1) The overruling of appellant's motion on his special appearance to set aside the summons and return thereof and quash the writ in said cause, and (2) the overruling of appellant's motion for a new trial.

The motion to quash was overruled on the 5th day of October, 1898, and sixty days given to file a bill of exceptions.   Exception taken.   The bill of exceptions was filed March 24, 1899.   This was not within the time allowed.   It is made a ground for a new trial, but it is not properly a reason for a new trial.   The question is therefore not presented.

Turner *v.* Turner.

As to the second specification of error, the overruling of the motion for a new trial, the complaint alleges two causes for divorce, viz., abandonment, and failure to provide. Appellant answered in two paragraphs: (1) A general denial. The second alleges that "the plaintiff and defendant began living together at the home of plaintiff's mother, Barbara Knowlton, which was also the home of the plaintiff at the time of the marriage. That plaintiff's mother was a widow, and owner of a large farm where she resided, and that she and plaintiff resided alone on said farm, and still so reside there. That while he and plaintiff were living there together, the said Barbara Knowlton, on the —— of September, 1894, refused to permit defendant to reside there with his wife, and ordered him to leave. That he had no trouble with his wife, but desired to live with her, and ever since has desired to live with her, and that he requested her to come and live with him elsewhere, and offered to provide her a good home, and that he has since then often requested and written plaintiff requesting her to come and live with him as his wife, and has repeatedly and many times offered to provide her a home and support her well, but she has always declined and refused to do so, or to leave her said mother's home. That said Barbara Knowlton will not permit him to live at her house or to come to her house to see his wife. That by reason of her interference, demands, and undue influence, and her refusals to permit defendant to live in or come to her house to see his wife, said Barbara Knowlton has prevented his wife from living with or going to live with him. That he did not leave the home of said Barbara Knowlton with any intention of abandoning his wife, but because he was not permitted to live with her there, and she would not leave there to go and live with him elsewhere. That the defendant has been and is amply able to provide a good support for his said wife, but that she has been and still is declining and refusing assistance and offers of support and provision from him."

Upon the trial of the cause the court permitted, over the objection of appellant, the reading of the following question and answer in the deposition of Barbara Knowlton, numbered nineteen: "To refresh your memory, I'll ask you if he was in the yard on the morning he left and said to you 'this is a short married life'," to which the witness answered: "I believe that's the words he spoke to me in the yard. I believe that was it." The question was put to the witness on her examination in chief. The objection made is that it is leading, suggestive, and easily answered in the affirmative. While the question is, perhaps, leading and suggestive, we can not see that the evidence was harmful to appellant. In the same deposition the witness, over the objection of appellant, was permitted to answer question thirty-two, as follows: "You may state whether or not you did anything to induce plaintiff, Dora, not to live with the defendant?" A. "I done nothing." Also question one on reëxamination, as follows: "You may state whether you ever did anything or said anything to the plaintiff to induce her not to live with defendant?" A. "I never bothered her, told her not to live with him, nor nothing of the kind." The questions were objected to as being leading and calling for a conclusion and opinion, and not for any statement of fact or facts. Granting, for the sake of the argument, that these questions are objectionable in form, appellant cross-examined the witness and was given opportunity to elicit the facts and to test her credibility, and was not bound by the mere statement of an opinion or conclusion of the witness.

The eighth reason for a new trial is the refusal to admit in evidence a letter written by appellant addressed and mailed to appellee November 21, 1898. There is no evidence that appellee received the letter or was made acquainted with its contents. It is claimed that it was admissible to show appellant's intention upon the question of abandonment. The letter was written after the commencement of the suit. It was not proper evidence in his own behalf, and

the court did not err in excluding it.  Appellee was permitted to state, over the objection of appellant, that she could not be reconciled to live with the defendant.  This is made the ninth reason for a new trial.  It is true, as counsel for appellant insist, that the mere fact that the plaintiff could not be reconciled to live with her husband, and that this state of feeling might be the fault of either or both parties, would not support the action.  Yet we can not presume that the trial court granted the divorce because in the opinion of the plaintiff the differences between her and her husband were irreconcilable, or that it was granted for any other than a statutory cause.

It is claimed as the tenth and eleventh reasons for a new trial that the court erred in permitting appellee's counsel to prove by appellant on his cross-examination the amount of damages assessed, and the result of the verdict in Joseph Lemm v. Barbara Knowlton, two years before the trial of this cause.  It is urged that the testimony was not proper cross-examination, and was proving by oral testimony what should have been shown by record evidence.  It is the claim of appellant that Mrs. Knowlton is charged with being the cause of the separation.  Appellant claimed that the separation was due to no fault of his.  He testified in his own behalf fully as to the relations between himself and his wife.  Neither this suit against his mother-in-law nor its result was an issue in the cause.  It appears from the record that within a short time after the separation appellant brought an action against his mother-in-law in which he asked $5,000 damages for causing the separation between his wife and himself, and that the verdict of the jury had been against him.  The evidence was upon a collateral matter, and proper as tending to show his conduct recently after the separation, and as indicating his regard for his wife when he was willing to vex with litigation her mother with whom she was living.

The twelfth reason for a new trial, which is the last dis-

cussed, is that the decision of the court is not sustained by sufficient evidence. This reason is earnestly discussed, and the position of counsel fortified by citation of numerous authorities. We recognize the force of the authorities and the ability with which they are presented. We do not lose sight of the fact that counsel disclaim any desire to have this court weigh the evidence. Their position is that there is not sufficient evidence to authorize the granting of a divorce upon either of the grounds for which it is asked. The facts as shown by the testimony of appellant and appellee are that when they were married appellant was without a fixed home and practically without any money to provide one. Appellee was living with her widowed mother, an aged woman, on her farm. Appellee had never lived any place else, and during the six weeks in which they sustained the relation of husband and wife, they lived at the home of the mother. The reason for the separation, the reason given by the husband, about which there is no controversy, and which need not be stated here, did not justify the husband in abandoning his wife, and was calculated to destroy any respect which appellee may have had for appellant. He left his wife with the statement that he was going to bring suit for divorce; very soon afterwards he brought the action for damages against his wife's mother to which reference has heretofore been made. He wrote letters to his wife professing love for her and asking her to leave her mother and come to him. There is no evidence that he furnished or offered to furnish her the means to come to him, nor that he provided or offered to provide for her support. In her refusal to follow him there may be an excuse for his failure to furnish her support; but the trial court, doubtless, in passing upon the question of abandonment, which is, as counsel for appellant say, largely a matter of intention, considered the reason of his separation from his wife, his declared purpose to bring an action for divorce, his suit against his mother-in-law, his failure to do anything for his wife, in

determining the good faith and motives of his request in calling upon her to abandon her mother and her mother's home for the doubtful love and uncertain shelter which he promised her, but which there is no evidence to show he provided, or was able to provide for her.

We find no error for which the judgment should be reversed.   Judgment affirmed.